POLEN, J.
 

 Appellant, Michael Anderson, appeals the trial court’s order holding him in contempt for his failure to pay child support and setting a purge of $5000. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
 

 Anderson was divorced from his former wife by final judgment of dissolution entered on December 12, 1997. The final judgment ordered Anderson to pay child support for the couple’s son in the amount of $424.00 per month.
 

 
 *425
 
 On June 5, 2008, a hearing officer considered the Department of Revenue’s motion for contempt. The hearing officer found that Anderson owed $50,903.35 in past child support as of May 21, 2008 and ordered Anderson to pay a purge of $5000 within forty-eight (48) hours in order to avoid incarceration. The trial court ratified and approved the report of the hearing officer on June 13, 2008. Anderson timely filed his notice of appeal and the trial court determined that Anderson was indigent for purposes of appeal.
 

 In
 
 Marcellus v. Voltaire,
 
 649 So.2d 944 (Fla. 4th DCA 1995) this court determined that the trial court committed reversible error when it entered an order finding that the father was in arrears in payment of his child support obligation, had the present ability to pay, and would be incarcerated if he failed to pay and shortly thereafter entered another order finding father indigent for purposes of appellate filing fees and costs.
 
 Id.
 
 at 944. We held that the finding of indigent status affirmatively established father’s inability to pay the purge.
 
 Id.
 
 (quoting
 
 Bowen v. Bowen,
 
 471 So.2d 1274, 1279 (Fla.1985)). Similarly, in the present case, the trial court erred in holding Anderson in contempt and shortly thereafter finding him indigent for purposes of appeal. As evidenced by the court’s finding of indigence, Anderson did not have the present ability to pay the purge.
 

 Reversed.
 

 GROSS, C.J., and FARMER, J., concur.